```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION

AARON LEVON JOHNSON,          :     HABEAS CORPUS
GDC No. 1125500,              :     28 U.S.C. § 2254
     Petitioner,              :
                              :
     v.                       :     CIVIL ACTION NO.
                              :     1:12-CV-4199-WSD-ECS
DARRELL HART,                 :
     Respondent.              :
```

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on state inmate Aaron Levon Johnson's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" [Doc. No. 1] and Darrell Hart's "Answer-Response" and "Brief" [Doc. Nos. 5 & 5-1]. For the following reasons, the undersigned will recommend that Mr. Johnson's habeas petition be denied.

In 2001, Mr. Johnson was indicted on two counts of aggravated child molestation and one count of child molestation. See [Doc. No. 9-3 at 40-43]. Mr. Johnson was convicted on all counts and sentenced to a fifty-year term of imprisonment. See [Doc. No. 9-3 at 44-46]. Mr. Johnson's motion for a new trial was denied, and his convictions and sentence were affirmed on appeal. See Johnson v. State, 616 S.E.2d 848 (Ga. Ct. App. 2005), cert. denied No. S05C1834 2005 Ga. LEXIS 696 (Ga. Oct. 11, 2005), cert. denied No. S06C0188 2006 Ga. LEXIS 103 (Ga. Jan. 30, 2006), cert. denied 547 U.S. 1116 (2006).

In reaching its decision, the Georgia Court of Appeals summarized the facts as follows:

> Construed in favor of the verdict, several witnesses testified concerning the nine-year-old victim's outcries of sexual abuse by her father. The victim acknowledged on direct examination that she and her father touched one another on their "private parts" and that he showed her "pictures or movies where people didn't have any clothes on." She stated that the people in the movies "would do what we were doing" and that those people "were touching each other's private parts and getting on each other and that's it." She testified that her father placed his mouth on her vagina and chest and that she placed her mouth on his penis.

Id. at 849.

Thereafter, Mr. Johnson sought and was denied habeas corpus relief in state court. See [Doc. Nos. 8-1 & 8-2]. The Georgia Supreme Court denied Mr. Johnson's application for a certificate of probable cause to appeal, see [Doc. No. 8-3], and he then filed a habeas petition in this Court, see [Doc. No. 1].

Mr. Johnson asserts that he is entitled to federal habeas relief on the following grounds:

> Ground One: The state habeas court erred by denying my habeas corpus without providing its findings of fact and conclusions of law.
>
> Ground Two: The state habeas court erred by directing the state to create findings of fact and conclusions of law for my state habeas corpus, in which the state court had already decided to deny my habeas corpus.
>
> Ground Three: The state habeas court erred by conducting the habeas proceedings not in a timely

2

manner which deprived me of my rights to due diligence into the state's criminal prosecution.

Ground Four:  The state habeas court erred by conducting an evidentiary hearing which deprived me of any supporting record for my petition that I had properly subpoenaed.

Ground Five:  The state habeas court erred by failing to enforce my valid subpoenas depriving me of my right to amend my state habeas petition.

Ground Six:  The state habeas court erred by allowing the state respondent to impede my subpoenaed witnesses for my evidentiary hearing.

Ground Seven:  The state habeas court erred by allowing the state respondent to impede my valid subpoenas to documentary evidence that supported my petition.

Ground Eight:  The state habeas court erred by not granting my habeas corpus due to the states use of fabricating probable cause for a criminal charge against me.

Ground Nine:  The state habeas court erred by not granting my habeas corpus due to the state criminal court lack of personal jurisdiction.

Ground Ten:  The state obtained a conviction by fabricating witnesses for the grand jury.

Ground Eleven:  The state obtained a conviction through a state trial court that lacked subject matter jurisdiction.

Ground Twelve:  The state obtained a conviction through a trial court that acted contrary to due process.

Ground Thirteen:  The state obtained a conviction through by concealing their fabrication of evidence within state courts and their agencies.

Ground Fourteen: My appellate counsel provided ineffective assistance of counsel at the trial court level.

Ground Fifteen: My appellate counsel provided ineffective assistance of counsel at the appeal level.

Ground Sixteen: I was not provided a full and fair hearing at the state habeas court when my appellate attorney was allowed to commit perjury.

Ground Seventeen: I was not allowed a full and fair hearing when the state habeas court allowed the respondent unconstitutional contact with my appellate attorney during his testimony.

Ground Eighteen: I was not allowed a full and fair hearing when the state habeas court allowed the respondent to submit documents as evidence prior to my examination.

Ground Nineteen: I was not allowed a full and fair hearing by the state habeas court showing that the state's prosecution meets the standard of miscarriage of justice.

Ground Twenty: I was not allowed a full and fair hearing by the state habeas court showing that the jurisdiction of the criminal state court is void ab initio and meets the standard of a miscarriage of justice.

Ground Twenty-One: I was not allowed a full and fair hearing by the state habeas court showing that the criminal state court acting without due process is a miscarriage of justice.

Ground Twenty-Two: I was not allowed a full and fair hearing by the state habeas court showing that my appellate attorney's ineffective assistance of counsel was a miscarriage of justice.

Ground Twenty-Three: I was not allowed a full and fair hearing at the state habeas court showing the court that the state actors acted criminally to

AO 72A
(Rev.8/82)

> convict me, in which I fully maintain my actual innocence.

[Doc. No. 1 at 6; Doc. No. 1-1 at 1-11].

Grounds One to Nine and Sixteen to Twenty-Three state claims for <u>federal</u> habeas relief based on alleged irregularities in the <u>state</u> habeas court's proceedings. But, while "[f]ederal habeas relief is available to remedy defects in the defendant's conviction and sentence, . . . 'an alleged defect in a collateral proceeding does not state a basis for habeas relief.'" <u>Alston v. Dep't of Corr.</u>, 610 F.3d 1318, 1325 (11th Cir. 2010) (quoting <u>Quince v. Crosby</u>, 360 F.3d 1259, 1262 (11th Cir. 2004)). Accordingly, Mr. Johnson is not entitled to federal habeas relief on any of these grounds.

Grounds Ten to Thirteen were found by the state habeas court to have been procedurally defaulted by Mr. Johnson because he could have raised these issues – but did not – in earlier proceedings, and he did not demonstrate cause and actual prejudice adequate to overcome his failure to do so. <u>See</u> [Doc. No. 8-2 at 4-7]. Warden Hart correctly notes that Mr. Johnson, in his federal habeas petition, still offers nothing to demonstrate cause and actual prejudice adequate to overcome his procedural default of these issues. <u>See</u> [Doc. No. 5-1 at 12-13]. Accordingly, Mr. Johnson is not entitled to federal habeas relief on these grounds, either.

5

Ground Fourteen and Fifteen purport to state claims that Mr. Johnson's appellate counsel provided ineffective assistance at the trial court and appeal level.  See [Doc. No. 1-1 at 4-6].  The state habeas court reviewed the sole claim of ineffective assistance of appellate counsel made by Mr. Johnson in his state habeas petition, applied the standard under Strickland v. Washington, 466 U.S. 668 (1984), and determined the claim to be meritless.  See [Doc. No. 8-2 at 11-13].  To prevail in this federal habeas proceeding, Mr. Johnson bears the burden of showing that the state habeas court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or reflected "an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).  Mr. Johnson has failed to make either of these showings.  Thus, he is not entitled to federal habeas relief on either of these Grounds.

Furthermore, the undersigned notes that there is little, if any, correspondence between the "supporting facts" that Mr. Johnson alleged when making his ineffective assistance of appellate counsel claim in state habeas court and the "supporting facts" that he now alleges in making his claims in this Court.  Compare [Doc. No. 8-1 at 7] with [Doc. No. 1-1 at 4-6].  Thus, although Mr. Johnson has

6

utilized the same general label, it does not appear that any of the specific ineffective assistance of appellate counsel claims that he now makes were ever "fairly presented" in state court. See generally O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (it is ordinarily necessary that a petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); 28 U.S.C. § 2254(b)(1)(A).

The Supreme Court has "emphasize[d] that the federal claim must be fairly presented to the state courts . . . [because it] would serve no purpose [to allow a petitioner to] rais[e] one claim in the state courts and another in the federal courts." Picard v. Connor, 404 U.S. 270, 275-76 (1971). Consequently, "where [an issue] has not been fairly presented to the state courts for their initial consideration," it is "procedurally barred." Cone v. Bell, 556 U.S. 449, 467 (2009). To the extent that Mr. Johnson's ineffective assistance of appellate counsel claims in federal court were never fairly presented in state court, they are subject to denial as procedurally barred, as well.

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2254, Rule 11(a). A § 2254 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge

7

issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2254 applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Mr. Johnson has not demonstrated that he is entitled to federal habeas relief or that any of the issues he raised is reasonably debatable. Thus, he is not entitled to a certificate of appealability in this case.

In summary: the undersigned **RECOMMENDS** that (1) Mr. Johnson's habeas petition be **DENIED** and (2) a Certificate of Appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 18th day of April, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

8