IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AARON LEVON JOHNSON,

                Petitioner,

v.                                         1:12-cv-4199-WSD

DARRELL HART,

                Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield's Final Report and Recommendation [14] ("R&R"). The R&R considered Petitioner Aaron LeVon Johnson's ("Petitioner") Petition for Writ of Habeas Corpus [1] ("Petition").

### I.    BACKGROUND

In 2001, Petitioner was indicted in the Superior Court for Fulton County, Georgia, on two counts of aggravated child molestation and one count of child molestation. ([9.3] at 40-43). Petitioner was convicted on all three charges, and sentenced to a fifty-year term of imprisonment. (Id. at 44-46). Petitioner's motion for a new trial was denied, his convictions and sentence were upheld on appeal, and he was denied state habeas corpus relief. (R&R at 1-2).

On December 3, 2012, Petitioner filed his Petition, in which he asserts twenty-three (23) separate grounds for relief.  On April 18, 2014, the Magistrate Judge issued his R&R, recommending that the Petition be denied.  (Id. at 8).  The Magistrate Judge found many of Petitioner's claims to be based on irregularities in the state court habeas proceedings, which are not reviewable in federal habeas proceedings, and found the remaining claims to be procedurally defaulted or without merit.  (Id. at 5-7).

On May 1, 2014, Petitioner filed his Objections [16][1] to the R&R, arguing that the Magistrate Judge erred by: (1) making his determination of the facts based on evidence that was not served on Petitioner by Respondent; (2) making his determination on facts not in evidence; (3) accepting the state court habeas proceeding as "valid process;" and (4) not finding that Petitioner's appellate attorney was ineffective.  (Obj. at 1-4).

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1);

---

[1]   An identical objection was docketed as Docket No. 17 on May 6, 2014.

2

Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

    B.    Analysis

        1.    Petitioner's Objections

Petitioner objects to the R&R, asserting that the Magistrate Judge erred by: (1) making his determination of the facts based on evidence that was not served on Petitioner by Respondent; (2) making his determination on facts not in evidence; (3) accepting the state court habeas proceeding as "valid process;" and (4) not finding that Petitioner's appellate attorney was ineffective.  (Obj. at 1-4).

The "evidence" that Petitioner claims was not served by Respondent are the pleadings, transcripts, and court decisions that the Magistrate Judge, in its December 7, 2012, Order [2], required be transmitted to the Court.  The Court finds, on *de novo* review, that Respondent was not obligated to serve these documents on Petitioner, and even if Petitioner had been served these documents,

it would not have altered the Court's adjudication of his Petition. This objection is overruled.

The facts which Petitioner objects were "not in evidence" appear to include his claim that there was no evidence that he showed the victim sexual movies, and that the victim was given signals from her social worker while she testified. The Court finds, on *de novo* review, that Petitioner has not provided any evidence to support these assertions and, even if true, these "facts" are not relevant to the Magistrate Judge's or the Court's adjudication of his Petition. This objection is overruled.

Petitioner argues that the state court habeas proceeding should not be considered "valid process" because he was not allowed to submit any evidence to support his claims, the state court did not "correct" Petitioner's "wrongful conviction and sentence," and the evidence it relied upon was not accurate, complete or truthful. (Obj. at 4). The Court finds, on *de novo* review, that Petitioner has not provided any evidence to support this assertion and, even if true, the state habeas court's process is not relevant to the Magistrate Judge's or the Court's adjudication of his Petition. This objection is overruled.

Finally, Petitioner argues that the Magistrate Judge erred by not finding that Petitioner's appellate attorney was ineffective. (Obj. at 2-3). Petitioner's claims of

ineffective assistance of appellate counsel, Grounds Fourteen and Fifteen, are considered *de novo*.

### 2. Grounds Fourteen and Fifteen

Petitioner, in Grounds Fourteen and Fifteen of his Petition, asserts claims for ineffective assistance of counsel. Petitioner objected to the Magistrate Judge's findings and conclusions concerning Petitioner's ineffective assistance of counsel clams, and the Court reviews these findings and conclusions *de novo*. See 28 U.S.C. § 636(b)(1). Grounds Fourteen and Fifteen are:

> Ground Fourteen: My appellate counsel provided ineffective assistance of counsel at the trial court level.
>
> Ground Fifteen: My appellate counsel provided ineffective assistance of counsel at the appeal level.

([1.1] at 4-6). The state habeas court considered Petitioner's claim of ineffective assistance of appellate counsel, and concluded that the claim was meritless. ([8.2] at 11-13).[2]

In Strickland v. Washington, the Supreme Court held that:

---

[2] To the extent that Ground Fourteen asserts a claim that Petitioner's trial counsel, and not appellate counsel, was ineffective at the trial court level, the state habeas court considered this ground to have been procedurally defaulted because Petitioner, who had new counsel for his appeal, did not raise it on his direct appeal to the Court of Appeals of Georgia. ([8.2] at 10-11). Petitioner has not presented any evidence or argument to support a showing of cause for the default and actual prejudice from the default that would allow Petitioner to pursue this procedurally defaulted claim. See Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999)

5

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466. U.S. 668, 687 (1984). "There is a strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Ruiz v. Sec'y, Florida Dep't of Corr., 439 F. App'x 831, 835 (11th Cir. 2011) (quotations omitted).

Because Petitioner's ineffective assistance of counsel claims were adjudicated on the merits in state court, he is entitled to federal habeas relief only if he can demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulting in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." See 28 U.S.C. § 2254(d)(1)-(2). Petitioner "bears the burden of rebutting the state court's factual findings 'by clear and convincing

evidence.'"  See Burt v. Titlow, ⎯⎯ U.S. ⎯⎯, 134 S. Ct. 10, 11 (2014) (quoting 28 U.S.C. § 2254(e)(1)).  Because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction, . . . a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 102 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

Analyzing a claim of ineffective assistance of counsel under Section 2254(d), thus, adds a "double layer" of deference to counsel's performance.  Ruiz, 439 F. App'x at 835.  "Under § 2254(d), the question is not whether counsel's actions were reasonable.  The question is whether there is *any* reasonable argument that counsel satisfied Strickland's deferential standard." Id. (quotations omitted).

The state habeas court detailed Petitioner's appellate counsel's qualifications, and his review of the discovery in the case, the police reports, videotaped statements from the victim, evidence submitted at trial, and transcripts of the trial, and how he reached his decision as to what grounds to raise in appeal. ([8.2] at 11-12).  Petitioner has not presented any evidence that supports that his

appellate counsel was deficient or that this alleged deficiency prejudiced Petitioner that would overcome the strong presumption that his appellate counsel 's performance was reasonable.  See Strickland, 466. U.S. at 687; Ruiz, 439 F. App'x at 835.  Petitioner has likewise failed to show that the state habeas court's denial of his ineffective assistance of counsel claims were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "result[ed] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  See 28 U.S.C. § 2254(d)(1)-(2).  Petitioner is not entitled to federal habeas relief on Grounds Fourteen or Fifteen of his Petition.  See Strickland, 466. U.S. at 687; Ruiz, 439 F. App'x at 835; 28 U.S.C. § 2254(d)(1)-(2).[3]

Petitioner did not object to the Magistrate Judge's findings and conclusions on his remaining grounds for relief.  The Court, thus, reviews these findings and conclusions for plain error.  See Slay, 714 F.2d at 1095.

---

[3]  The Court notes also that several of Petitioner's allegations of ineffectiveness are based on allegations that were not raised in the state court habeas proceeding.  (Compare [1.1] at 4-6 with [8.2] at at 11-13).  To the extent that Petitioner did not raise these specific claims of ineffective assistance of counsel, they are procedurally barred.  See Bailey, 172 F.3d at 1302.

3. <u>Grounds One to Nine and Sixteen to Twenty-Three</u>

Petitioner, in Grounds One to Nine and Sixteen to Twenty-Three of his Petition, asserts claims for federal habeas relief based upon alleged irregularities in the state court habeas proceeding. Grounds One to Nine and Sixteen to Twenty-Three are:

> Ground One: The state habeas court erred by denying my habeas corpus without providing its findings of fact and conclusions of law.
>
> Ground Two: The state habeas court erred by directing the state to create findings of fact and conclusions of law for my state habeas corpus, in which the state court had already decided to deny my habeas corpus.
>
> Ground Three: The state habeas court erred by conducting the habeas proceedings not in a timely manner which deprived me of my rights to due diligence into the state's criminal prosecution
>
> Ground Four: The state habeas court erred by conducting an evidentiary hearing which deprived me of any supporting record for my petition that I had properly subpoenaed.
>
> Ground Five: The state habeas court erred by failing to enforce my valid subpoenas depriving me of my right to amend my state habeas petition.
>
> Ground Six: The state habeas court erred by allowing the state respondent to impede my subpoenaed witnesses for my evidentiary hearing.
>
> Ground Seven: The state habeas court erred by allowing the state respondent to impede my valid subpoenas to documentary evidence that supported my petition.

9

Ground Eight: The state habeas court erred by not granting my habeas corpus due to the states use of fabricating probable cause for a criminal charge against me.

Ground Nine: The state habeas court erred by not granting my habeas corpus due to the state criminal court lack of personal jurisdiction.

Ground Sixteen: I was not provided a full and fair hearing at the state habeas court when my appellate attorney was allowed to commit perjury.

Ground Seventeen: I was not allowed a full and fair hearing when the state habeas court allowed the respondent unconstitutional contact with my appellate attorney during his testimony.

Ground Eighteen: I was not allowed a full and fair hearing when the state habeas court allowed the respondent to submit documents as evidence prior to my examination.

Ground Nineteen: I was not allowed a full and fair hearing by the state habeas court showing that the prosecution meets the standard of miscarriage of justice.

Ground Twenty: I was not allowed a full and fair hearing by the state habeas court showing that the jurisdiction of the criminal state court is *void ab initio* and meets the standard of a miscarriage of justice.

Ground Twenty-One: I was not allowed a full and fair hearing by the state habeas court showing that the criminal state court acting without due process is a miscarriage of justice.

Ground Twenty-Two: I was not allowed a full and fair hearing by the state habeas court showing that my appellate attorney's ineffective assistance of counsel was a miscarriage of justice.

Ground Twenty-Three: I was not allowed a full and fair hearing at the state habeas court showing the court that the state actors acted

> criminally to convict me, in which I fully maintain my actual innocence.

(Petition at 6, [1.1] at 1-2, 6-11).  Petitioner did not object to the Magistrate Judge's findings and conclusions concerning Grounds One to Nine and Sixteen to Twenty-Three, and the Court reviews these findings and conclusions for plain error.  See Slay, 714 F.2d at 1095.

"Under 28 U.S.C. § 2254, a petitioner can file a federal habeas challenge to a state court judgment 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  Alston v. Dep't of Corr., Florida, 610 F.3d 1318, 1325 (11th Cir. 2010) (citing 28 U.S.C. § 2254(a)).  "Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but 'an alleged defect in a collateral proceeding does not state a basis for habeas relief.'"  Id. (quoting Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004)).  The Magistrate Judge found that Petitioner is not entitled to federal habeas relief on Grounds One to Nine and Sixteen to Twenty-Three of his Petition because these grounds challenge alleged irregularities in his state court habeas proceeding, and recommended these grounds be dismissed.  (R&R at 5).  The Court finds no plain error in these findings and conclusions.  See Slay, 714 F.2d at 1095; Alston, 610 F.3d at 1325.

11

4.   Grounds Ten to Thirteen

"A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999). "[W]here the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred [the court is required] to respect the state court's decision." Id.

The Magistrate Judge found that Grounds Ten to Thirteen were found by the state habeas court to be procedurally defaulted because Petitioner could have, but did not, raise them in an earlier proceeding. (R&R at 5). Petitioner did not object to the Magistrate Judge's findings and conclusions concerning Grounds Ten to Thirteen, and the Court reviews these findings and conclusions for plain error. See Slay, 714 F.2d at 1095.

Grounds Ten to Thirteen are:

Ground Ten: The state obtained a conviction by fabricating witnesses for the grand jury.

Ground Eleven: The state obtained a conviction through a state trial court that lacked subject matter jurisdiction.

Ground Twelve: The state obtained a conviction through a trial court that acted contrary to due process.

> Ground Thirteen: The state obtained a conviction through by concealing their fabrication of evidence within state courts and their agencies.

([1.1] at 3-4). The state habeas court found that these grounds had been procedurally defaulted because they were not raised by Petitioner in his direct appeal to the Court of Appeals in Georgia. ([8.2] at 4-8). Petitioner has not presented any evidence or argument to support a showing of cause for the default and actual prejudice caused by the default that would allow Petitioner to pursue his procedurally defaulted claims.

The Magistrate Judge found that Petitioner is not entitled to federal habeas relief on Grounds Ten to Thirteen of his Petition because these grounds were procedurally defaulted. (R&R at 5). The Court finds no plain error in these findings and conclusions. See Slay, 714 F.2d at 1095; Bailey, 172 F.3d at 1302.

Having conducted its *de novo* review of Petitioner's objections and, finding no plain error in any portion of the R&R to which Petitioner did not object, the Court concludes that the Petition should be denied.

### 5. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a district court has denied a habeas petition on procedural grounds without

reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. at 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The Magistrate Judge concluded that Petitioner failed to demonstrate that he is entitled to federal habeas relief or that any of the grounds he asserts are reasonably debatable, and that a COA should not be issued. (R&R at 8). The Court does not find any plain error in the Magistrate Judge's determination that a COA should not be issued.[4] See Slay, 714 F.2d at 1095.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Aaron LeVon Johnson's Objections [16] are **OVERRULED** and Magistrate Judge E. Clayton Scofield's Final Report and Recommendation [14] is **ADOPTED**.

---

[4]   Petitioner did not object to the Magistrate Judge's recommendation that a COA should not be issued.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 15th day of December, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE